ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 03 2010

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DELA FEARS, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, <br><br> PLAINTIFF, <br><br> Vs. <br><br> KEYSTONE PETROLEUM, TRANSPORT, LLC., A GEORGIA LIMITED LIABILITY COMPANY, AND ERIC POOLE, INDIVIDUALLY, <br><br> DEFENDANTS. | CIVIL ACTION FILE NO. 1:10-CV-2789 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Dela Fears, on behalf of herself and all others similarly situated, through his counsel, Stephen M. Katz, for her Complaint, respectfully show as follows:

### NATURE OF THIS ACTION

1.

This is an action brought under The Fair Labor Standards Act, 29 U.S.C.

1

§ 201 *et seq.* and the Equal Pay Act of 1963, 29 U.S.C. § 206(d)(1) to recover unpaid overtime compensation, double damages, and attorneys fees. In addition, Fears asserts claims under 42 U.S.C. 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.* Upon receipt of notice from the EEOC that she has exhausted her administrative remedies, Fears will seek leave to amend this complaint to assert claims under the Equal Pay Act of 1963, Title VII, as well as § 1981.

### PARTIES

2.

**DELA FEARS**, the named Plaintiff in this action, is an individual, lives in the Northern District of Georgia.

3.

**KEYSTONE PETROLEUM TRANSPORT, LLC.**, is a Georgia corporation with its principal office and place of business at 3763 Longmire Way Doraville, Georgia 30340. **KEYSTONE** can be served by delivering a copy of the summons and complaint to its registered agent, **ERIC POOLE** 3763 Longmire Way, Doraville, Georgia 30340.

4.

Defendant **ERIC POOLE** is an individual who lives in the Northern

2

District of Georgia. POOLE can be served by delivering a copy of the summons and complaint to him at 3763 Longmire Way Doraville, Georgia 30340.

5.

KEYSTONE AND POOLE maintain, and, at all times relevant hereto, maintained offices in the State of Georgia, and transacts and has transacted regular, not isolated, acts of business in metropolitan Atlanta, Georgia as well as nationally and internationally.

6.

Defendants individually and collectively are engaged in commerce as defined under the FLSA at 29 U.S.C. § 203(b).

7.

Defendants, individually and collectively, are an "enterprise engaged in commerce or in the production of goods or services for commerce" pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.*

8.

At all relevant times, individually and collectively, Defendants have been and remain, an Employer within the meaning of §3(d) of the FLSA, 29 U.S.C. § 203(d), in that they acted "...directly or indirectly in the interest of an employer in relation to an employee..."

3

9.

As an employer engaged in commerce, Defendants are subject to the requirements of the FLSA, 29 U.S.C. § 201 *et. seq.*

## JURISDICTION

10.

Jurisdiction over this action is conferred on this Court by Section 216(b) of the FLSA, 29 U.S.C. § 216(b) as well as 28 U.S.C. § 1331.

## VENUE

11.

Venue is proper in the Northern District of Georgia in that all of the acts complained of took place in this judicial district.

## FACTS

12.

**KEYSTONE** and **POOLE** employed **FEARS** as a dispatcher over the previous 4 years, until **FEARS** voluntarily resigned to accept employment with a different petroleum transport company that services a market different from Defendants' customers.

13.

**FEARS'** job duties while employed by Defendants consisted dispatching

a fleet of drivers to pick up and deliver petroleum products, providing customer service to Defendants' customers, and fielding complaints from

14.

**FEARS** and other employees similarly situated to her did not have discretionary authority in their positions, i.e. did not regularly and customarily perform discretionary functions while doing their job.

15.

While employed by Defendants, **FEARS** and the putative class of individuals have consistently worked over 40 hours per week. **FEARS** and the putative class members are similarly situated in terms of job responsibilities.

16.

Defendants have never provided **FEARS** or members of the putative class with overtime compensation for hours worked in excess of 40 in a workweek.

17.

**FEARS** worked not less than an average of 10 to 15 hours overtime (hours over 40) per week throughout her 4 years of employment, and, more particularly, for the preceding 3 years.

## CLAIM FOR RELIEF

## COUNT I

## VIOLATION OF 29 U.S.C. § 216(B)

### (FLSA Overtime Claim)

18.

FEARS repeats and re-alleges each and every paragraph set forth in paragraphs 1 to 17 as if fully set forth at length herein.

19.

Defendants repeatedly and willfully violated the provisions of § 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees, including FEARS and those similarly situated to her, engaged in commerce or in the production of goods for commerce, for work weeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

20.

FEARS, as well as those similarly situated to her were regularly compelled to work more than 40 hours per week but were and are not paid overtime compensation as required under the FLSA.

**FEARS**, and those similarly situated to her, are not exempt employees under the FLSA; thus, Defendants were required to pay them overtime compensation for all hours worked each week in excess of 40.

22.

Defendants' violations of the overtime pay requirements set forth in the FLSA were systematic, voluntary and willful.

23.

Defendants owe **FEARS** and those similarly situated to her, overtime pay for work performed but not compensated in an amount to be determined in this collective action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. § 216(b).

## COUNT II

24.

**FEARS** repeats and realleges each and every paragraph set forth in paragraphs 1 to 23 as if fully set forth at length herein.

25.

Within the preceding two years, Defendants, an employer subject to the provisions of the FLSA, repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of

7

Labor regulations at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours, and other conditions and practices of employment maintained by them.

26.

**FEARS** and those similarly situated to her are entitled to relief shifting the burden of proof to Defendants with regard to the amount of overtime worked due to the violation of §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5) and the Department of Labor regulations at 29 C.F.R. § 516.

**WHEREFORE**, Plaintiffs demand relief as follows:

1. That process issue and that Defendants be served according to law;

2. An Order finding that Defendants violated 216(b) of the FLSA;

3. Judgment in favor of **FEARS** and those similarly situated to her and against Defendants, jointly and severally, for unpaid overtime compensation together with liquidated damages;

6. Pursuant to Section 216(b) of the Act, judgment in favor of **FEARS** and those similarly situated to her and against Defendants, jointly and severally, for reasonable attorneys fees;

7. Judgment in favor of **FEARS** and those similarly situated to her and against the Defendants, jointly and severally, for prejudgment interest;

8. Judgment in favor of **FEARS** and those similarly situated to her and against the Defendants, jointly and severally, for all costs;

9. Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F.R.Civ.P., **TRIAL BY JURY** on all claims on which a jury trial is available;

10. Such other, further and different relief as this Court deems appropriate.

This 3rd day of September, 2010.

Respectfully submitted,

By: _____
Stephen M. Katz
Ga. Bar No. 409065

**THE KATZ LAW GROUP**
Suite 130 • 255 Village Parkway, NE
Marietta, Georgia 30067-4162
Telephone:   404.848.9658
Facsimile:    404.848.9904
E-Mail: smkatz@smk-law.com